IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | **ORDER**<br><br>Case No.  2:14-cv-00668-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Kimberly McCoy filed an application for Disability Insurance Benefits ("DIB"), as well as, Supplemental Security Income ("SSI") on July 18, 2011, alleging disability beginning July 5, 2009.  Ms. McCoy's claim was initially denied on December 7, 2011, and upon reconsideration on March 23, 2012.  Thereafter, Ms. McCoy timely requested a hearing before an Administrative Law Judge ("ALJ") on May 9, 2012.  An Administrative Law Judge held a hearing on June 27, 2013 in St. George, Utah.  The ALJ issued a decision finding Ms. McCoy not disabled on July 10, 2013.  The Appeals Council denied Ms. McCoy's request for review on August 6, 2014.  The ALJ's decision stands as the final decision of the Commissioner.  Ms. McCoy brought this action to appeal the Commissioner's decision pursuant to 24 U.S.C. § 405(g), which provides for judicial review of the defendant's final decision.

-1-

I. Ms. McCoy argues the ALJ failed to weigh and evaluate Mr. Udy's opinion properly by not even acknowledge his RFC evaluation. Mr. Udy is a physician's assistant and medical source opinion, which the ALJ must consider. Ms. McCoy argues this failure constitutes legal error that requires reversal and/or remand.

The Commissioner responds that although the ALJ did not explicitly refer to Mr. Udy's opinion, he provided a comprehensive review of the medical evidence from Mr. Udy and Dr. Root, carefully referred to the evidence by exhibit number, and stated he considered the entire record. Therefore, the Commissioner contends the failure reflects harmless error. The Commissioner also argues that if the Court considers the medical records, that Mr. Udy's records show that the medication controls Ms. McCoy's symptoms, that she has normal strength, and that no reasonable fact finder could give Mr. Udy's RFC assessment weight given what appears in his records.

Mr. Uday's opinion (RFC evaluation) is inconsistent with ALJ's. Indicating Ms. McCoy must lie down 3 out of 8 hours in a work day, can only sit for 3 of 8 hours, and stand or walk 2 of 8 hours. These restrictions would mandate a finding of disability. The ALJ must consider other medical sources for impairment severity and functional effects. *Bowman v Astrue, 511 f3d 1270, 1274-75 (10th Cir. 2008)*. In making such considerations, the ALJ's opinion must contain sufficient information for the reviewing court to follow the ALJ's reasoning. The ALJ failed to include enough information in this decision for the Court to do that. On that basis, the Court will remand the decision for further consideration by the ALJ.

II. Ms. McCoy argues that while the ALJ does not have to provide an extensive review of lay witness testimony, his failure to even mention the statements of Lhasa Graff and Tonya Maloney in his decision leaves whether he considered the testimony unclear.

The Commissioner acknowledges that the ALJ did not discuss statements from her two friends.  Here, the ALJ twice stated he considered the entire record, which included the statements of Ms. McCoy's friends.  *See Hackett*, 395 F.3d at 1173 ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.").  The Commissioner argues that the same evidence that discredits Ms. McCoy's opinions also discredits the lay witnesses' opinions.

The ALJ need not "make specific written findings of each witness's credibility", as long as the ALJ's "written decision reflects that the ALJ considered the testimony." *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).  With respect to the witness testimony, wether the ALJ considered the opinions remains unclear since he did not refer to them anywhere in his opinion.  *Blea v Barnhart, 466 F.3d 903,* 915 (10th Cir. 2008).  The opinions contain information that may corroborate Ms. McCoy's testimony.  Without the benefit of the ALJ's discussion of these opinions, the Court cannot determine whether substantial evidence supports the ALJ's RFC conclusions.

III.     Ms. McCoy argues, the ALJ's only reasons for rejecting Ms. McCoy's credibility are based on the objective medical evidence, which is clearly error that requires this case to be reversed and remanded to allow a proper evaluation of Ms. McCoy's credibility.  Ms. McCoy argues the ALJ must consider "the medical data previously presented, any other objective indications of the degree of [the symptoms], and subjective accounts of the severity" in determining whether the claimant is credible.  *Luna v. Bowen*, 834 F.2d at 163.  *Luna* is clear that an ALJ cannot simply rely on objective medical evidence in disregarding a claimant's allegations of symptoms.  *Id.*  Ms. McCoy argues the ALJ does not discuss factors identified in *Luna* such as:  persistent attempts to find relief for pain; claimant's daily activities; dosage,

effectiveness, and side effects of medication.  Ms. McCoy further argues that because the ALJ failed to consider the other opinions, her credibility analysis is undermined and was not supported adequately.  Ms. McCoy further notes in particular that the MRI findings in this matter do support the finding of an injury that would cause pain.   The question that the ALJ must decide is whether it is pain to the level of disability under the statute.  Ms. McCoy further asserts that there are no indications of a lack of truthfulness on Ms. McCoy's part.

The Commissioner argues The ALJ cited a number of reasons for concluding Plaintiff's subjective complaints were not credible.  For instance, the ALJ found that the objective evidence, including the findings of Drs. Root and Johnsen and Mr. Johnson, as discussed above, undermined her credibility.  The ALJ also discussed Plaintiff's activities, which included taking care of her child, and maintaining her household.  The ALJ discussed the evidence showing treatment was effective in controlling Plaintiff's symptoms, as well as her own reports that she was doing well.

Credibility determinations are peculiarly the province of the ALJ and will not be overturned if supported by substantial evidence.  *See Hackett*, 395 F.3d at 1173 (10th Cir. 2005).  The ALJ's discussion of the claimant's credibility is quite sparse.  He provides a significant explanation of the claimant's testimony and the doctor's records.  The decision lacks the kind of analysis that would enable the Court to determine what exactly the ALJ relied on to find the claimant's credibility lacking, and the Court may not engage in a post hoc rationalization for how the ALJ made his determination.  The ALJ just says "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision," (Tr. 23), but never explains, making another conclusory statement again:  "To the extent that the claimant alleges she cannot work within the residual

Case 2:14-cv-00668-EJF   Document 32   Filed 08/14/15   Page 5 of 5
-5-

functional capacity, the undersigned finds the allegation not supported by substantial evidence and, therefore, not fully credible." (Tr. 24-25.)

In the absence of an analysis of Mr. Udy's opinion and the lay witness testimony, combined with the minimal explanation of Ms. McCoy's credibility examination, the Court cannot fully evaluate the ALJ's opinion as written. For that reason, the Court remands the decision for further analysis.

DATED this 14th day of August, 2015.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge